UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC BLACHURA,

        Plaintiff,

Case No. 11-11171

Honorable John Corbett O'Meara

v.

UNITED STATES OF AMERICA,

        Defendant.

_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR DEFAULT AND SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND
<u>GRANTING USA'S MOTION TO DISMISS</u>**

This matter came before the court on plaintiff Eric Blachura's July 12, 2011 Motion for Default and Summary Judgment; Plainiff's July 19, 2011 Motion for Summary Judgment; and the government's August 16, 2011 Motion to Dismiss. Pursuant to Local Rule 7.1(f)(2), no oral argument was heard.

Plaintiff Eric Blachura filed this action alleging wrongful levy with regard to a 1958 Chevrolet seized by the Internal Revenue Service ("IRS") to collect the tax debts of Plaintiff's grandfather. Plaintiff seeks a ruling that "the seized collector car rightfully belongs to Eric Blachura, and was seized improperly, and be returned to him." Compl. at 1. In his amended complaint, Plaintiff also seeks damages for "wrongful, willful, reckless and intentional seizure." Am. compl. at 1.

In his first motion, plaintiff Blachura claims he is entitled to a default judgment for the government's failure to file a timely answer to his complaint. Applying Rule 6(a) and Rule 12 of the Federal Rules of Civil Procedure, however, the court finds that the government filed its answer

in a timely fashion. Plaintiff's subsequent motion for summary judgment, which consists of a single sentence, fails to meet the criteria upon which the court may grant summary judgment.

In its motion to dismiss, the government argues that Plaintiff's claim for wrongful levy is barred by the applicable statute of limitations. Generally, the United States, as sovereign, "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain that suit." United States v. Sherwood, 312 U.S. 584, 586 (1941).

Actions for wrongful levy against the United States by persons other than the delinquent taxpayer must be filed within nine months of the date of the levy of the property at issue. 26 U.S.C. §§ 7426(a)(1) and 6532(c).

In this case, the 1958 Chevrolet at issue was seized by the IRS on May 19, 2010. Plaintiff filed this action March 23, 2011, after the nine-month period of limitations expired on February 19, 2011. Plaintiff's action is untimely and must be dismissed.

## ORDER

It is hereby **ORDERED** that plaintiff Blachura's July 12, 2011 Motion for Default and Summary Judgment is **DENIED**.

It is further **ORDERED** that plaintiff Blachura's July 19, 2011 Motion for Summary Judgment is **DENIED**.

It is further **ORDERED** that the government's August 16, 2011 Motion to Dismiss is **GRANTED**.

                                                   s/John Corbett O'Meara
                                                   United States District Judge

Date: November 7, 2011

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 7, 2011, using the ECF system and/or ordinary mail.

                                                   s/William Barkholz
                                                 Case Manager